```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TIMOTHY HOLZLI, and<br>LYNN HOLZLI, h/w,<br><br>          Plaintiffs,<br><br>     v.<br><br>DELUCA ENTERPRISES,<br>VINCENT G. DELUCA,<br>JAMES A. DELUCA, and<br>JOSEPH DELUCA,<br><br>          Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 11-06148 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, Chief Judge:

　　This matter is before the Court on the motion of Defendants Vincent G. DeLuca, James A. DeLuca and Joseph DeLuca to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. [Docket Item 4.] The Court finds as follows:

　　1. Plaintiffs Timothy and Lynn Holzli filed the instant action against Defendant DeLuca Enterprises, Inc., and Defendants Vincent G. DeLuca, James A. DeLuca and Joseph DeLuca in the New Jersey Superior Court, Gloucester County. Defendants timely removed the action to this Court. [Docket Item 1.] The individual Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [Docket Item 4.] 2. The Complaint alleges that all Defendants breached an implied warranty of habitability;

violated the New Jersey Consumer Fraud Act; breached an implied warranty of workmanlike construction; breached an implied warranty of fitness for intended purpose; and that Defendants were negligent and committed fraud, deceit, material misrepresentations.  Compl. ¶¶ 25-65.  Plaintiffs' causes of action arise out of the alleged construction flaws and design defects of Plaintiffs' house allegedly caused or proximately caused by Defendants.  Compl. ¶¶ 18-24.  Defendants sold the house to Plaintiffs, as well as "designed, constructed, and supervised the construction of" the house.  Compl. ¶¶ 15-16.  Plaintiffs allege that all Defendants "acted and existed as the alter-egos of each other," and seek to impose liability upon the individual Defendants through piercing the corporate veil of DeLuca Enterprises.  Compl. ¶¶ 8-13; Pls' Response to Defs' Mot. at 5.

    3.  The individual Defendants seek the dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiffs have failed to state a claim upon which relief can be granted and failed to sufficiently allege a veil piercing claim.  Defs' Brief in Supp. of Mot. at 7-8.

    4.  In review of Defendants' motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any

reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 129 S.Ct. at 1949 (internal quotations and alterations omitted).

  5.  Under New Jersey Law, "[p]iercing the corporate veil is an equitable remedy through which a court may impose liability on an individual or entity normally subject to the limited liability protections of the corporate form." The Mall at IV Grp. Props., L.L.C. v. Roberts, Civ. No. 02-4692, 2005 WL 3338369, at *3 (D.N.J. Dec. 8, 2005).  See also Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 171 (3d Cir. 2002) (internal quotations and alterations omitted) (noting that "[p]iercing the corporate veil is a tool of equity, a remedy that is involved when a subservient corporation is acting as an alter

ego of a dominant corporation"). In New Jersey,[1] two elements must be shown to pierce the corporate veil: "First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. Second, the circumstances must indicate that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." Roberts, 2005 WL 3338369, at *3 (internal citations omitted).

    6.   The Third Circuit in Craig v. Lake Asbestos of Quebec, Ltd., 843 F.2d 145 (3d Cir. 1988), listed some non-binding factors to guide whether such a unity of interest/ownership exists:

> "gross undercapitalization . . . failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and . . . [whether] the corporation is merely a facade for the operations of the dominant stockholder or stockholders."

Craig, 843 F.2d at 150 (internal quotations omitted). "With

---

[1] Neither party disputes that New Jersey law applies. Courts in this District have consistently followed the Third Circuit's analysis in Craig v. Lake Asbestos of Quebec, Ltd., 843 F.2d 145 (3d Cir. 1988) applying New Jersey's veil-piercing framework. See Foodtown, 296 F.3d at 171-72 (restating the factors recited in Craig); Chen v. HD Dimension, Corp., Civ. No. 10-863, 2010 WL 4721514, at *4 (D.N.J. Nov. 15, 2010) (discussing the Craig factors when applying New Jersey law to veil piercing); Operative Plasterers & Cement Masons Int'l Ass'n Local 8 v. AGJ Constr., L.L.C., Civ. No. 08-6163, 2009 WL 2243900, at * 6-7 (same); Roberts, 2005 WL 3338369, at *3 (following Craig, 843 F.2d at 150).

respect to the second element, a plaintiff need not prove common law fraud but instead demonstrate that the defendants, via the corporate form, perpetrated a fraud, injustice, or the like, a less exacting standard." Chen, 2010 WL 4721514, at *4 (internal quotations omitted). See also State of N.J. Dep't of Envtl. Protection v. Ventron Corp., 94 N.J. 473, 499-501 (1983) (clearly setting forth New Jersey law on piercing the corporate veil).

7. Plaintiffs' Complaint fails to allege facts sufficient to show that Plaintiffs have a plausible claim for relief as against the individual Defendants. Plaintiffs allege that all Defendants (1) "were insufficiently capitalized . . . and/or" (2) "commingl[ed] and intermingl[ed] funds and other assets . . . and/or," (3) "failed to observe corporate or partnership formalities; and/or" (4) "did not pay dividends . . . and/or," (5) "used, accepted and availed itself of the benefits of the name, reputation, personnel and activities of one, more or all of the other Defendants; and/or" (6) were "identical" and all the "effective owners, principals, majority shareholders and controlling partners." Compl. ¶ 11. Additionally, Plaintiffs allege that all Defendants "held themselves out . . . as alter-egos of each other." Compl. ¶ 10. However, aside from Plaintiffs' conclusory statements summarizing the legal elements of their veil piercing claim, no specific factual allegations in the Complaint support a claim of either alter ego liability or

5

pierce the corporate veil and impose liability upon the individual Defendants.

8. These unsupported conclusions are devoid of any facts to show that Plaintiffs have a "plausible claim for relief." Iqbal, 129 S.Ct. at 1949-50. "[T]he bare-boned allegations of undercapitalization and common control and/or management, standing alone, do not rise to the level of plausibility required to survive a 12(b)(6) motion." Wrist Worldwide Trading GMBH v. MV Auto Banner, Civ. No. 10-2326, 2011 WL 5414307, at *5-6 (D.N.J. Nov. 4, 2011) (holding that "Plaintiff's parroting of the alter-ego factors alone is insufficient to satisfy the required pleading standards"). Compare Hunt Constr. Grp., Inc. v. Farina, Civ. No. 11-4933, 2012 WL 72286, at *4 (D.N.J. Jan. 10, 2012) (holding that the plaintiff's specific factual allegations were sufficient to show a plausible claim for relief) with Essex Ins. Co. v. Miles, Civ. No. 10-3598, 2010 WL 5069871, at *3, (E.D.Pa Dec. 3, 2010) (holding that plaintiff's allegations were insufficient under Twombly and Iqbal, and "merely a recitation of the legal elements required to pierce the corporate veil"). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. Iqbal, 129 S.Ct. at 1949.

9. Especially relevant here is the fact that Plaintiffs' allegations pertaining to the movants forming their basis to

6

pierce Defendants' corporate veil include the phrase "and/or" after each allegation. Compl. at ¶ 11. Plaintiffs' allegations written in the alternative further illustrate Plaintiffs' lack of factual allegations supporting their "recitals of the elements" to pierce a corporation's veil. As the <u>Iqbal</u> Court stated, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Iqbal</u>, 129 S.Ct. at 1950.

    10.  The <u>Hunt</u> court held that the plaintiff's complaint provided sufficient factual allegations supporting a veil-piercing claim. <u>Hunt Constr. Grp., Inc.</u>, 2012 WL 72286, at *4. In addition to affirmatively alleging that "all of the corporate defendants were . . . undercapitalized, [and] failed to observe corporate formalities," the plaintiff in <u>Hunt</u> specifically alleged "that each of the corporate defendants was formed and managed by a member of the [defendant] family, and that all of the corporate defendants were operated with funds commingled with" the defendant company whom the plaintiff already had a judgment against. <u>Id.</u> The plaintiff's complaint also indicated the "very limited functions and assets" of many defendants. <u>Id.</u> The <u>Essex</u> court, on the other hand, found the plaintiff's complaint alleging a veil-piercing claim insufficient. <u>Essex Ins. Co.</u>, 2010 WL 5069871, at *3. The <u>Essex</u> complaint alleged, similar to Plaintiffs here, that "upon information and belief"

the defendants "failed to observe corporate formalities, intermingled funds, used corporate property for personal expenses," was undercapitalized and "used [the defendant corporation] as a 'facade' or 'alter ego.'" Id.  Thus, the court found that the plaintiff's allegations were "legal conclusions devoid of any facts regarding the time, place or manner of actual conduct."  Id.  See also Wrist Worldwide Trading,, 2011 WL 5414307, at *5 (finding that the plaintiff simply recited the relevant veil-piercing factors "but [did] not provide factual underpinning to appropriately support its alter ego allegations). Thus, the Hunt plaintiff affirmatively pleaded the applicable veil piercing factors supported by factual allegations illustrating why or how the defendants, for example, failed to observe corporate formalities and commingled funds.  In contrast, analogous to Plaintiffs here, the plaintiffs in Essex Ins. and Wrist Worldwide Trading merely restated the veil piercing factors without factual allegations supporting how or why those factors were present.

    11.  In sum, because Plaintiffs have merely pleaded the generic formula for veil piercing and have not pleaded facts to support their claim to pierce the corporate veil of Defendant DeLuca Enterprises, the individual Defendants' motion for dismissal under Rule 12(b)(6) shall be granted, and the Complaint against Defendants Vincent G. DeLuca, James A. DeLuca, and Joseph

DeLuca will be dismissed without prejudice.  Since the issue here is one of sufficiency of a pleading, the Court will grant Plaintiffs the opportunity to file a motion for leave to file an amended complaint within 14 days.  See Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004).  Any such motion to amend shall attach a copy of the proposed Amended Complaint that cures the pleading deficiencies noted herein as to these individual Defendants.  The accompanying Order will be entered.

**March 21, 2012**        **s/ Jerome B. Simandle**
Date     JEROME B. SIMANDLE
    Chief United States District Judge